UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                                                         No. S4 18 CR 905- LTS

SHUAI SUN,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Defendant Shuai Sun ("Mr. Sun" or "Defendant") is charged, in the above-captioned one count indictment, with conspiring to commit money laundering in violation of 21 U.S.C. § 1956(h). (See Docket Entry No. 13.) On November 20, 2019, Defendant filed a motion to suppress evidence, specifically $350,000 in U.S. Currency and a money counter, found in a suitcase and a backpack recovered from a vehicle the Defendant was driving on August 14, 2018. (See Docket Entry No. 90.) The Government filed its Opposition on December 9, 2019. (See Docket Entry No. 96, "Opp.".) The Defendant filed his Reply on January 13, 2020. (See Docket Entry No. 110.)

The Court has considered carefully the parties' submissions and, for the following reasons, the Defendant's motion to suppress is denied in its entirety.

## BACKGROUND

The Defendant has not proffered an affidavit or sworn statement with respect to the events surrounding the seizure of the evidence he is seeking to suppress. The Government

has proffered a DPS Incident Report ("Trooper Report"), and a "Georgia State Patrol Voluntary Disclaimer of Interest and Ownership" form (the "Disclaimer Form") which was signed by the Defendant. (See Opp. Exhibits C-D). The following undisputed facts are taken from these proffers.

On August 14, 2018, Georgia State Trooper B.P. Howerton observed a white GMC Terrain (the "Vehicle") traveling at a speed that appeared to be faster than the posted speed limit. The trooper got behind the Vehicle and paced it at 70 mph in a 60-mph construction zone. The trooper subsequently conducted a traffic stop, approached the passenger side of the Vehicle and asked the driver, Mr. Sun, for his license and proof of insurance. Mr. Sun stated that the vehicle was rented in the name of the passenger, Darren Hingyee Li ("Li"). Li informed the trooper that he was not driving because he was eating. Upon verifying their identities, the trooper asked Mr. Sun to step out of the Vehicle. After conversing, the trooper asked Mr. Sun for consent to search the Vehicle. Mr. Sun directed the trooper to ask Li for consent because Li had rented the vehicle. When the trooper asked Li for consent to search the Vehicle, Li gave permission.

During his search, the trooper located a suitcase and a backpack in the cargo area of the Vehicle containing $350,000 in U.S. currency and a money counting machine. When the trooper asked Li and Sun whom the luggage belonged to, they both denied any knowledge of the luggage or its contents. Li and Sun each subsequently signed a voluntary disclaimer of interest and ownership of the luggage and its contents. (See Disclaimer Form.)

DISCUSSION

Mr. Sun moves to suppress the evidence seized from the Vehicle, arguing that it was obtained as a result of a search that violated the Fourth Amendment to the Constitution of the United States. The Fourth Amendment guarantees citizens the "right . . . to be secure in their . . . effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To establish standing to bring a Fourth Amendment challenge to a vehicle search, a defendant must demonstrate that he had a legitimate expectation of privacy in the vehicle. See Minnesota v. Olson, 495 U.S. 91, 95 (1990). A legitimate expectation of privacy exists where the defendant has a subjective expectation of privacy that society is prepared to recognize as reasonable. See id. at 95-96. "The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge." United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995); see also United States v. Smith, 621 F.2d 483, 487-88 (2d Cir.1980) (defendants had no reasonable expectation of privacy in the trunk of a car where they did not assert ownership of the car, knowledge of trunk's contents, or access to trunk).

The Government argues that Mr. Sun lacks standing to challenge the search of the Vehicle because he did not submit an affidavit or sworn declaration asserting that he had rights in the Vehicle's contents that were violated. See Opp at 6. The Court agrees. Without an affidavit attesting to facts demonstrating a basis for Mr. Sun's subjective expectation of privacy in the contents of the Vehicle, the Court finds that Mr. Sun has failed to meet his burden of establishing standing to bring a Fourth Amendment challenge.

Furthermore, the undisputed facts in the record demonstrate that Mr. Sun does not have standing to challenge the search of the Vehicle because he did not have a reasonable expectation of privacy in the Vehicle. Generally, there is a well settled notion that "non-owner

passengers cannot bring a Fourth Amendment challenge to a search of the interior of a vehicle because they do not possess a reasonable expectation of privacy in a vehicle that is not their own." United States v. Bulluck, No. 09 CR. 652 (PGG), 2010 WL 1948591, at *11 (S.D.N.Y. May 13, 2010) (citing Rakas v. Illinois, 439 U.S. 128, 148 (1978) (non-owner passengers in a private automobile do not have reasonable expectation of privacy and thus could not contest to a search of the glove compartment and the area beneath the seats)). Furthermore, where the defendant is driving a vehicle that he did not rent, the "authorized renter's permission is not determinative of whether a defendant has a reasonable expectation of privacy" in the vehicle. United States v. Lyle, 919 F.3d 716, 730 (2d Cir. 2019), cert. denied, No. 19-5671, 2020 WL 129668 (U.S. Jan. 13, 2020).

To determine whether a defendant had a subjective expectation of privacy, courts look to whether the defendant had a right to exclude others from the property at issue. See Byrd v. United States, 138 S. Ct. 1518, 1527 (2018) ("'one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of the right to exclude.'"). The undisputed facts in the record demonstrate that Mr. Sun did not possess a subjective expectation of privacy in the Vehicle because, when asked for consent to search, Mr. Sun disclaimed authority to exclude the trooper from the Vehicle's interior. Moreover, Mr. Sun signed the Disclaimer Form in which he voluntarily waived and disclaimed any interest in the evidence seized. (See Opp. Ex. D.)

The Defendant attempts to establish standing by arguing that, because he was seized within the meaning of the Fourth Amendment when the trooper stopped the Vehicle, he has standing to challenge the seizure of evidence that followed from his detention. In making this argument, Defendant improperly relies on the Supreme Court's decision in Brendlin v.

California, which establishes the narrow principle that a passenger in a vehicle stopped by the police is deemed "seized" under the Fourth Amendment and has standing to challenge the constitutionality of the detention. 551 US 249 (2007). Brendlin does not stand for the proposition that merely by virtue of such a seizure, rather than a showing of a legitimate expectation of privacy, a non-owner driver is entitled to challenge the search of an automobile. See, e.g., United States v. Santillan, 902 F.3d 49, 62 (2d Cir. 2018), cert. denied, 139 S. Ct. 1467 (2019) (finding that although passenger in a vehicle from which police seized incriminating evidence had "standing to challenge the prolongation of the traffic stop . . . he lacked standing to challenge the search of the car because he had no reasonable expectation of privacy" in the vehicle.) Therefore, on the basis of the facts available on the record and in the absence of a sworn statement proffered by the Defendant, the Court finds that Mr. Sun has failed to make the requisite demonstration of standing to challenge the search of the Vehicle or suppress the evidence seized under the Fourth Amendment.

Because the Defendant's motion to suppress fails for lack of standing, the Court will not address the parties' arguments concerning the lawfulness of the traffic stop, the validity of the consent provided to search the Vehicle, or the need for an evidentiary hearing.

CONCLUSION

The Court denies the Defendant's Motion to Suppress in its entirety. The parties are directed to provide the Court with a status update during the next pre-trial conference, which is scheduled to take place on March 18, 2020.

This Memorandum Order resolves Docket Entry No. 90.

SO ORDERED.

Dated: New York, New York
      February 3, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge