UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                     No.  18 CR 905

SHUAI SUN,

        Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>


        Defendant Shuai Sun ("Mr. Sun" or "Defendant") moves for reconsideration

("Motion for Recon.," docket entry no. 121) of the Court's February 3, 2020, Memorandum

Opinion and Order ("February Order," docket entry no. 119) denying Defendant's Motion to

Suppress (docket entry no. 90).  Mr. Sun contends that the Court erred in denying his motion to

suppress certain evidence that was found in a car that he was driving, which had been rented by

his co-defendant.  The Court assumes the parties' familiarity with the background of this case,

which is laid out in detail in the February Order.  (February Order at 1-2.)  The Court's principal

ruling in the February Order was that Mr. Sun lacked standing to challenge the search of the

vehicle and the seizure of the evidence because he was not the owner or renter of the vehicle, and

had no reasonable expectation of privacy in it.  (February Order at 4.)  Defendant asserts that the

Court overlooked his argument that his standing to challenge admission of the evidence was

derived from a violation of his own rights insofar as the vehicle was stopped illegally, or that the

stop was illegally prolonged, rendering the evidence eventually found in the car "fruit of the

poisonous tree" and subject to suppression.  (<u>See</u> Motion for Recon. at 1 (citing <u>Wong Sun v.

United States</u>, 371 US 471 (1963))).

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Indeed, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). The Court has considered carefully the parties' submissions and, for the following reasons, Mr. Sun's motion is denied.

Mr. Sun has not shown that the Court overlooked controlling authority or data, that there was any intervening change in controlling law or newly discovered evidence, or that there is a need to correct a clear error or manifest injustice. Although defense counsel only belatedly cites Wong Sun in Defendant's motion for reconsideration, the Court did not overlook Defendant's reference in the original motion papers to "fruit of the poisonous tree," and the Court considered Defendant's arguments that the stop was wrongful as to him. Defendant failed to demonstrate that there were any issues warranting a hearing as to the lawfulness of the traffic stop. The Government proffered evidence that the police found the car that Defendant was driving speeding on the highway, and had earlier had Defendant and his confederates under surveillance in connection with alleged money laundering or narcotics trafficking activity. (See Memorandum of Law of the USA in Opposition to Defendant's Motion to Suppress, docket entry no. 96, at 4-5.) The Court reviewed the video of the highway encounter, in which, after informing Defendant that he would be giving a warning for speeding, the officer engaged Mr. Sun in fewer than eight minutes of additional colloquy concerning the purpose, origin and destination of Mr. Sun's journey before querying the contents of the car and requesting consent,

which the renter of the car granted, to the search.  (See Flash Drive Exhibit to Defendant's

Memorandum of Law in Further Support of His Motion to Suppress, docket entry no. 110.)  As

noted in the Court's February Order denying the suppression motion, Defendant proffers no

affidavit controverting any of the Government's factual proffers, which demonstrate probable

cause to stop the car that Defendant was driving and grounds for reasonable suspicion supporting

a brief investigative stop as well.  See February Order at 3.  Defense counsel argued in Mr. Sun's

motion to suppress, and again asserts in his motion for reconsideration, that the video footage of

the traffic stop shows that the stop was unduly prolonged.  The argument is inconsistent with the

record evidence and is insufficient to warrant reconsideration, much less a hearing or suppression

of the evidence seized.

The motion for reconsideration is denied.  The next conference in this case is

scheduled to be held on May 12, 2020, at 2:00 p.m.

This Memorandum Order resolves docket entry no. 121.

SO ORDERED.

Dated: New York, New York
        April 15, 2020

  /s/ Laura Taylor Swain
  LAURA TAYLOR SWAIN
  United States District Judge